IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>        Defendant. | Case No. 07-CV-400-GFK-FHM |

**OPINION AND ORDER**

The following motions are before the undersigned United States Magistrate Judge for decision: Plaintiffs' Motion to Compel [Dkt. 67]; Plaintiffs' Motion for Protective Order Concerning Defendants' Subpoena to Philip J. Holthouse [Dkt. 68]; Plaintiffs' Motion for Protective Order Concerning Defendants' Subpoena to Ameriquest Mortgage Company [Dkt. 76]; and Defendants' Motion to Compel [Dkt. 110]. On May 22, 2008, after briefing was completed, the undersigned held a hearing on the foregoing motions.

The motions present questions about the overall scope of discovery in this case. There are essentially three broad issues: 1) the scope of discovery concerning the oil and gas program at the heart of this case; 2) whether and to what extent Defendants' experience in the oil and gas industry is within the scope of discovery; and 3) whether and to what extent Plaintiffs' use of tax investment strategies is within the scope of discovery.

Having studied the discovery requests and listened to the arguments of counsel, the undersigned concludes that it will be helpful, initially, to broadly outline the areas of inquiry the Court views as being relevant to the claims and defenses of the parties. The Court will then address the specific discovery requests at issue in the motions. Discovery is to proceed within the broad parameters set out herein without prejudice to the parties' ability to re-urge the need for more complete information if the need arises. Further, the parties are encouraged to use the expedited procedure outlined in the Local Rules, LCvR 37.2(b).

The following simplified general background informs the Court's establishment of the discovery parameters. This lawsuit involves a series of oil and gas transactions taking place from 2002 to the present whereby Plaintiffs committed over $1 billion in cash and another $1 billion in promissory note obligations to an oil and gas program designed and managed by Defendants. Plaintiffs allege these commitments were made in reliance on assertions made by Defendants as to their past success in similar oil and gas ventures, the expected return, and tax deductions available through use of the structure Defendants proposed. Plaintiffs assert various claims arising out of the transactions, including Defendants' misrepresentation of their past success, the anticipated rate of return, and IRS acceptance of the tax deduction. Defendants deny they made the statements which Plaintiffs claim to have relied upon. They also assert that Plaintiffs are sophisticated investors with experience in tax driven investments who did not commit their funds to the subject program in reliance on the alleged representations.

Given the foregoing background, the Court finds that all aspects of the particular oil and gas program at issue, including both operational and financial aspects of the program, are relevant. Accordingly, all information and all documents concerning the oil and gas

program at issue fall within the scope of discovery.[1]  Several factors contribute to the decision to permit discovery of the oil and gas program in greater detail than might be allowed in the usual case, these include: the lack of documentation about the terms of the deal; the amount of money involved; the complicated nature of the transactions; Defendants' role in managing the program and holding legal title to the properties; and the broad nature of the fraud claimed by Plaintiffs.

The Court finds that Defendants' experience and track record in the oil and gas industry is relevant to Plaintiffs' claims, as is Defendants' experience with the IRS. Likewise, the investment and tax sophistication of Plaintiffs is relevant to the defense against Plaintiffs' claims.  Although these areas are relevant for discovery purposes, the level of detail sought by the parties' discovery requests is not reasonable at this time.  For instance, many of the parties' requests for production of documents are overbroad, as they request "all documents" relating to or concerning a subject.  To balance the need for information against the overbreadth and burdensomeness of producing "all documents," a more limited disclosure of information related to Defendants' experience, track record, and experience with the IRS and of Plaintiffs' investment and tax sophistication is ordered. Once the information is analyzed, if *specific* additional information is needed, such a request can be presented on an expedited basis following good faith consultation with the

---

[1] The Court's finding that all records concerning the transactions at issue fall within the scope of discovery under Fed.R.Civ.P. 26 is not a license for the parties to impose wasteful and unnecessarily burdensome requests.  The Court expects the parties to continue to cooperate in a professional manner to avoid unnecessary duplication and expense.  In this regard, the parties should take into account the burden of the proposed discovery, its likely benefit, the needs of the case and the importance of the discovery in resolving the matters at issue.  *See* Fed.R.Civ.P. 26(b)(2)(C)(iii).

opposing party. Following this course of more limited and phased discovery will enable the parties to make informed decisions regarding further document production requests.

The parties' motions will be addressed against the foregoing backdrop.

### **Plaintiffs' Motion to Compel**

Plaintiffs' Motion to Compel [Dkt. 76] is GRANTED in Part and DENIED in Part, as follows:

The Court finds that information concerning Defendants' track record in the oil and gas business is relevant. Therefore, Defendants are required to fully and completely answer Interrogatory Nos. 1, 2, 3, and 4 (A)(B)(C)(D)(E), and (H) for the time frame from 1992 to present. Defendants will not be required to produce any supporting documentation at this time. This ruling is made without prejudice to Plaintiffs' ability to seek production of specific documents after the information contained in the interrogatory answers is investigated and analyzed.

Defendants have agreed to production of the documents sought in Request for Production Nos. 4, 5, 8, 9 and 11, except for 11(C). Defendants are required to produce the documents sought by Request for Production No. 11 (C). The Court finds that responsive information is directly related to the investment at issue in this lawsuit and should therefore be produced. For the same reason, Defendants are required to fully and completely answer Interrogatory Nos. 6, 7, 9, 10, and 12, which Plaintiffs categorized as relating to Defendant Siegal's investment of his own funds in the program. Likewise, Defendants are required to fully and completely answer the interrogatories and produce the documents sought within the category of materials Plaintiffs characterized as being relevant

to the breach of duty and accounting claims, Interrogatory Nos. 5-12 and 14 and Request for Production Nos. 10-12, 19-22 and 25-31.

Defendants' objection to producing bank records related to the oil and gas program at issue is overruled. The Court rejects the assertion that the request for bank records constitutes a fishing expedition and also rejects the assertion that Plaintiffs are required to come forward with "more specific allegations" before they have the right to obtain bank records to track the inflow and outflow of money related to the oil and gas investment program. If, however, "more specific allegations" were required, Plaintiffs' allegations concerning Defendants' use of Plaintiffs' funds in connection with the Trinity Bay seismic data constitute "more specific allegations" such that discovery of banking information is appropriate.

Plaintiffs' Motion to Compel is DENIED as to the Requests for Admissions and the Requests for Production of Documents related to them. As the Court expressed at the hearing, this information is of doubtful usefulness at the front end of complicated litigation.

Plaintiffs' Motion to Compel is DENIED as to Interrogatory No. 15 and Request for Production No. 32. These discovery requests seek information concerning Richard Siegal's disagreement with Plaintiffs' opinion about the value of the subject oil and gas properties. The value of the properties is certainly relevant. However, since the valuation of such properties is extremely complicated, the matter is more properly addressed to an expert witness.

Defendants are required to produce the documents sought in Request for Production No. 33 which seeks financial statements, balance sheets and income statements prepared

by or for any Defendant within the past two years. Given the allegations in this case, the Court finds that the Defendants' financial condition is a fair area of inquiry.

### Defendants' Motion to Compel

Defendants' Motion to Compel [Dkt. 76] is GRANTED in Part and DENIED in Part, as follows:

Much of the dispute over Defendants' discovery requests relates to Defendants' efforts to discover information about Plaintiffs' experience and sophistication making what Defendants have called tax driven investments. The Court finds that information is relevant and therefore discoverable. The most direct way to obtain the relevant information is to require Plaintiffs to produce complete copies of unredacted tax returns from 1997 to present under a protective order with an attorneys and consultant eyes only or similar designation to provide the greatest possible protection to this confidential information. The Court rejects the suggestion that redacted tax returns should be produced. Redaction of information will only delay the production and would likely open the door for further litigation over the propriety of redactions. Plaintiffs are also required to produce all communications with the IRS concerning those tax returns. In addition, Plaintiffs are required to produce financial statements, balance sheets and income statements for the past two years.

Defendants seek more specific answers to Interrogatory Nos. 8, 9, 10, 11 and 12 which request information relating to the representations Plaintiffs relied upon in connection with the oil and gas program and in connection with their tax filings. Plaintiffs' responses refer to Roland Arnall's Declarations of October 31, 2007 and December 2, 2007. Plaintiffs also make a general reference to the introduction of Roland Arnall to Richard Siegal by Bippy Siegal and to the tax returns prepared by Schlain Leifer Guralnick and also refer to

6

various statements regarding amounts paid on the notes. Plaintiffs contend that it is not possible to identify the time, place, participants and specifics of every representation due to the ongoing nature of the transactions over many years. They further contend that as discovery proceeds and documents are produced it is possible that additional information will be recalled and disclosed.

There is some merit to Plaintiffs contentions regarding the inability to pin down the details of every representation over several years, therefore the Court will not require that level of detail. However, the Defendants are entitled to know the nature of the representations allegedly relied upon and the identity of the person making them. The Roland Arnall Declarations set forth the general topics of the representations allegedly made by Richard Siegal, the general time frame when they were made and the general content of the representations, including Richard Siegal's experience, expertise, track record of success, the expected return and history of returns, the tax benefit and prior use of the tax deductions without disallowance by the IRS and the benefits of the turnkey drilling contract. The Declarations do not purport to be an exhaustive list of every representation. The Declarations do not inform Defendants whether representations were made about other topics not listed in the Declarations; whether representations were made by persons other than Richard Siegal; whether representations were made to persons other than Mr. Arnall; and the content of any such representations.

Defendants' Motion to Compel is granted to the extent that Plaintiffs are required to supplement their response to include any additional topics on which responsive representations were made, the general content of such representations, the identity of the person making the representations, generally when the representations were made, and

the identity of the person to whom the representations were made. If the Arnall Declarations contain all topics upon which representations were made, a clear statement to that effect is required. In addition, Plaintiffs are reminded of their duty to supplement discovery responses in a timely manner. Fed.R.Civ.P. 26(e)(1)(A).

The Court is unable to address the issues related to the propriety of withholding information from Alan Liker on the basis of either attorney-client or work product until documents are actually withheld on those bases and a privilege log is produced.

For a two-month period, e-mails to and from Ms. Gravelle, an assistant to Mr. Arnall, were destroyed. In this regard, Defendants have requested that Plaintiffs respond to the following questions: (i) the name of the specific company that employs Ms. Gravelle; (ii) details regarding specific documents that were destroyed; (iii) the measures that were taken to prevent document destruction, including when a litigation hold was issued; and (iv) whether there are any other document destruction issues. [Dkt. 110, p. 11].[2] Regardless of the information which has already been provided concerning the document destruction, given Ms. Gravelle's role in sending and receiving e-mail on Mr. Arnall's behalf, the additional information sought by Defendants is not unreasonable. Therefore, Plaintiffs are required to answer the questions set out above. Further, Plaintiffs are required to make Ms. Gravelle and a knowledgeable technology person available for deposition should Defendants desire to conduct further inquiry into the matter.

---

[2] All citations to the record reflect the page number assigned by the CM-ECF docketing system, since the CM-ECF system counts unnumbered cover pages and preliminary pages (i, ii, etc.) the docket reference may not be the same as the page number printed at the bottom of the document.

**Plaintiffs' Motion for Protective Order Concerning Subpoena to Holthouse
and
Plaintiffs' Motion for Protective Order Concerning Subpoena to Ameriquest**

Plaintiffs seek a protective order to prevent Defendants from obtaining records pertaining to them from non-parties Holthouse and Ameriquest. Holthouse and Ameriquest have close relationships with Plaintiffs and may possess records that fall within the scope of discovery established by this Order. The motions for protective orders are granted to the extent that Defendants may only seek records from Holthouse and Ameriquest which are within the scope of discovery established by this Order. However, Plaintiffs are ordered to make reasonable efforts to secure the cooperation of Holthouse and Ameriquest in producing those records. Such production should include those documents which demonstrate the creation, ownership and financial relationships between the Plaintiffs, e.g. articles of incorporation, partnership agreements, trust agreements including dispositive provisions, etc.

Plaintiffs' Motion for Protective Order Concerning Defendants' Subpoena to Phillip J. Holthouse [Dkt. 68] and Plaintiffs' Motion for Protective Order Concerning Defendants' Document Subpoena to Ameriquest Mortgage Company [Dkt. 76] are GRANTED in part and DENIED in part as set forth herein.

## CONCLUSION

Plaintiffs' Motion to Compel [Dkt. 67] is GRANTED in part and DENIED in part; Plaintiffs' Motion for Protective Order Concerning Defendants' Subpoena to Philip J. Holthouse [Dkt. 68] is GRANTED in part and DENIED in part; Plaintiffs' Motion for Protective Order Concerning Defendants' Subpoena to Ameriquest Mortgage Company

[Dkt. 76] is GRANTED in part and DENIED in part; and Defendants' Motion to Compel [Dkt. 110] is GRANTED in part and DENIED in part.

SO ORDERED this 29th day of May, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE