# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>Defendant. | Case No. 07-CV-400-GFK-FHM |

## OPINION AND ORDER

Defendants' Motion for an Immediate Stay of Preliminary Injunction [Dkt. 171] is before the undersigned United States Magistrate Judge for decision.[1] Defendants' motion is DENIED.

On July 23, 2008, the Court entered a Preliminary Injunction which, among other things, requires Defendants to "immediately take all necessary actions to transfer record title to Plaintiffs of all interests, properties and assets, tangible and intangible, beneficially held by Defendants for Plaintiffs." [Dkt. 168, p. 16]. Defendants were further ordered to "complete the process of transferring record title of all interests, properties and assets . . . in an expeditious manner." *Id.* Defendants seek a stay of the Court's Order, pending their

---

[1] The parties have consented to the jurisdiction of a magistrate judge to conduct all proceedings related to the motion for preliminary injunction. [Dkt. 69].

appeal to the Tenth Circuit, alternatively they seek a temporary stay to allow time to seek an emergency stay from the Circuit Court. In support of their motion, Defendants argue that: the Court erred in several of its findings of fact and conclusions of law; the Tenth Circuit is likely to reverse the preliminary injunction; and complying with the injunction will be a burdensome task, the expense of which will harm Defendants. Defendants submitted affidavits and evidence in support of their motion. The Court did not consider those submissions which could have been presented at the hearing on the Preliminary Injunction.

To obtain a stay, the movant is required to show the district court the following: "(1) its strong position on the merits of the appeal; (2) irreparable injury if the stay was denied; (3) that a stay would not substantially harm other parties to the litigation; and (4) that the public interests favor a stay." *Securities Investor Protection Corp. v. Blinder, Robinson & Co., Inc.,* 962 F.2d 960, 968 (10th Cir. 1992)(quoting *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977)). These factors are the same ones the Court considered when it entered the Preliminary Injunction.[2] The Court's findings of fact and conclusions of law were entered after careful scrutiny of the evidence, the parties' arguments, and the law. The findings required to support the entry of a stay would be directly contrary to the ones the Court made when it entered the Preliminary Injunction. Defendants' motion for a stay does not convince the Court that contrary findings are warranted.

---

[2] To be entitled to a preliminary injunction, the party seeking the injunction must establish each one of four factors: 1) a substantial likelihood of prevailing on the merits; 2) irreparable harm unless the injunction is issued; 3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and 4) the injunction will not adversely affect the public interest. *Fed Lands Legal Consortium v. United States*, 195 F.3d 1190, 1194 (10th Cir. 1999).

In the process of considering Defendants' Motion for Immediate Stay of Preliminary Injunction, the Court recognized that corrections should be made to paragraph 19 of the Findings of Fact and to paragraphs 2, 10 and 19 of the Conclusions of Law. Additionally, paragraphs 30 and 31 of the Conclusions of Law are renumbered as 28 and 29. Pursuant to its authority under Fed.R.Civ.P. 62(c) to modify an injunction during the pendency of an appeal, the Court has corrected the Preliminary Injunction. The corrections do not affect the actions to be taken by Defendants and the Corrected Preliminary Injunction specifically recites that it is effective as of July 23, 2008. The corrections are underlined in the Corrected Preliminary Injunction for ease of reference.

Based on the foregoing, Defendants' Motion for an Immediate Stay of Preliminary Injunction [Dkt. 171] is DENIED.

SO ORDERED this 11th day of August, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE