UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RODA DRILLING COMPANY;** ) <br> **RODA, LLC; ROLAND ARNALL;** ) <br> **DAWN ARNALL; and THE** ) <br> **ROLAND AND DAWN ARNALL** ) <br> **LIVING TRUST,** ) <br>                                  ) <br>           **Plaintiffs,**        ) <br>                                  ) <br> vs.                              ) <br>                                  ) <br> **RICHARD SIEGAL, an individual;** ) <br> **BIPPY SIEGAL, an individual;**  ) <br> **PALACE EXPLORATION COMPANY,** ) <br> a corporation; **PALACE OPERATING** ) <br> **COMPANY**, a corporation; **B&R** ) <br> **EXPLORATION CO., INC.;**        ) <br> **BISTATE OIL MANAGEMENT**        ) <br> **CORPORATION; and OIL AND GAS**  ) <br> **TITLE HOLDING CORPORATION,**    ) <br>                                  ) <br>           **Defendants.**        ) | Case No. 07-CV-400-GKF-FHM |

## ORDER

Plaintiffs' Motion for Reconsideration by Magistrate of Order that Production of Trust Agreement Shall Include Dispositive Provisions, Etc. [Dkt. 141] has been fully briefed and is before the undersigned for decision.

Plaintiffs seek reconsideration of a portion of the Court's May 29, 2008, discovery order [Dkt. 133] which required Plaintiffs to produce, among other things, documents which demonstrate the creation, ownership and financial relationship between Plaintiffs, including trust agreements including their dispositive provisions. In particular, Plaintiffs seek to be relieved from the obligation to produce the dispositive provisions of the Roland and Dawn Arnall Living Trust. Plaintiffs contend that the dispositive provisions of the trust are irrelevant to this litigation and also that any inadvertent disclosure of

those provisions would be the source of media attention and prejudice to Plaintiffs and the beneficiaries of the trust.

The Court previously concluded that the dispositive provisions were relevant within the broad construction of that term for discovery purposes. Plaintiffs Motion for Reconsideration does not persuade the undersigned that the decision was in error. Given that the Roland and Dawn Arnall Living Trust is a named plaintiff and counterclaim defendant in this litigation and Roland Arnall's death, the Court concludes that the trust documents, including the dispositive provisions easily satisfy the relevancy requirements for discovery. Moreover, since there is a protective order in place limiting the use of the information to the prosecution or defense of this case, the Court is not persuaded that any prejudice will result from disclosure of this information to Defendants.

Plaintiffs' Motion for Reconsideration by Magistrate of Order that Production of Trust Agreement Shall Include Dispositive Provisions, Etc. [Dkt. 141] is therefore DENIED.

SO ORDERED this 14th day of August, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE