## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA, LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>    Plaintiffs,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual; PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 07-CV-400-GKF-FHM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiffs' Motion for Protective Order Concerning Kroll Report [Dkt. 190] has been fully briefed and is ripe for decision.

Plaintiffs seek a Protective Order to prevent Defendants from obtaining a copy of the Kroll report through discovery. The Kroll report is a multi-volume document which reports the results of an investigation into the background and dealings of Defendant Richard Siegal and his related entities. The report was prepared by Kroll Associates, Inc., an independent investigation company, in December 2003 at the request of an attorney for Plaintiffs. The Kroll report is the result of an investigation of information external to Plaintiffs.

Plaintiffs' motion does not clearly identify what privilege they are relying upon to protect the report from discovery. Defendant's response focuses on work product protection. However, in their reply Plaintiffs clearly state that they are asserting the attorney-client privilege. The protection from discovery provided by the attorney-client privilege extends only to communications between the attorney and client. Plaintiffs have not persuaded the Court that a communication between an outside investigator and Plaintiffs' attorney regarding the results of the investigator's investigation that did not include interviews of the client qualifies as an attorney-client communication. While such an investigation may in certain circumstances be protected as work-product, that is not the basis of Plaintiff's motion.

Plaintiffs' argue that in *In re LTV Securities Litigation*, 89 F.R.D. 595, 600-01 (N.D. Tex. 1981) the attorney-client privilege applied to counsel's investigative work to learn facts that would enable counsel to give legal advice to the client. However, unlike the instant case, the investigative work performed in *LTV* consisted of attorney interviews with the employees of the client corporation. The *LTV* court simply applied the principle recognized in *Upjohn Co. v. United States*, 449 U.S. 383, 101 S.Ct. 677, 681, 66 L.Ed.2d 584 (1981) that an attorney may have privileged communications with employees of a client corporation. The *LTV* case has no application in the instant case to the Kroll Report which is a communication between Plaintiffs' attorney and a non-client independent investigator regarding an external investigation. The Court finds that the attorney-client privilege does not attach to the Kroll Report.

Plaintiffs' Motion for Protective Order Concerning Kroll Report [Dkt. 190] is DENIED.

2

SO ORDERED this 10th day of November, 2008.

*[Signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE