### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>     Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>     Defendant. | Case No. 07-CV-400-GFK-FHM |

### **OPINION AND ORDER**

Defendants' Motion to Compel the Production of Documents Being Withheld by RoDa on Grounds of Privilege [Dkt. 195] is before the undersigned United States Magistrate Judge. The motion has been fully briefed.

Defendants' motion presents two difficulties for the Court. The first is that the motion cannot be resolved as to the documents specifically identified in the Affirmation of Sean R. O'Brien, [Dkt. 196-Sealed], until an *in camera* review of those documents is conducted.

THEREFORE, Plaintiffs are HEREBY ORDERED to submit unredacted copies of the following documents attached to the Affirmation of Sean R. O'Brien, [Dkt. 196-Sealed], for *in camera* review: Exhibits B, D, E, F, and G. The *in camera* submission is due on or before December 1, 2008.

The second difficulty is that the Court cannot tell from Defendants' papers what, if anything else, the Defendant wants the Court to order produced. In their papers Defendants variously describe the relief they request, as follows:

> In particular, Defendants seek production of any and all communications among, or analysis by, Philip Holthouse and any attorneys for RoDa concerning RoDa's investments.

[Dkt. 195, p. 1].

> Defendants therefore request an order forcing plaintiffs to produce all communications between Phillip [sic] Holthouse and attorneys for RoDa.

*Id.* at 2-3.

> Defendants request that the Court order the production of all communications among Philip Holthouse or RoDa's attorneys concerning the negotiations and documentation of RoDa's investments, including the tax treatment of those investments and any effort to transfer title.

*Id.* at 11. In their Reply Brief Defendants describe the relief they seek, as follows:

> production of unredacted copies of all of the exhibits attached to the O'Brien Affidavit dated October 8, 2008, as well as any other communications between Mr. Holthouse and RoDa's counsel involving: (i) any efforts to negotiate, analyze or document the terms of the investments made by RoDa[;] (ii) the risks undertaken by RoDa in proceeding with the investments; (iii) any efforts made by RoDa to effect the transfer of title.

[Dkt. 208, p. 6].

Aside from the documents referred to in the O'Brien Affirmation, the Court is unable to determine exactly what Defendants are seeking or whether any responsive documents exist. These questions should have been <u>clearly</u> addressed between counsel during the required meet and confer process and then <u>clearly</u> presented in the motion to compel.

2

Instead, what is clear from reading the briefs is that the area of dispute was not clearly identified during that process. As a result the briefing was not directly targeted to the matters at issue and Plaintiffs' response included a discussion of work product which, given Defendants' reply brief, is not at issue but which was fairly included within the broad language Defendants employed in their motion.

To resolve the problem caused by the lack of clarity, counsel are HEREBY ORDERED to confer in good faith and identify whether other responsive documents exist. If documents exist and Plaintiffs resist producing them, Plaintiff shall submit them for *in camera* review on or before December 8, 2008. After which time the Court will make a determination as to whether those documents must be produced on the basis of the arguments already submitted.

SO ORDERED this 24th day of November, 2008.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE