# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>                    Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>                    Defendant. | Case No. 07-CV-400-GFK-FHM |

## OPINION AND ORDER

Plaintiffs' Motion for Sanctions Due to Defendants' Noncompliance With The Court's May 29, 2008 Discovery Order [Dkt. 198] is before the undersigned United States Magistrate Judge for decision. The motion has been fully briefed, a telephone conference was conducted on October 21, 2008, and a joint status report was filed on November 10, 2008, in conformity with the Court's instructions to the parties.

## Background

Plaintiffs served the subject discovery requests on November 21, 2007, Defendants' responses and objections were received January 4, 2008, Plaintiffs' motion to compel was filed on January 30, 2008. The subject discovery order was issued on May 29, 2008, [Dkt. 133], at which time the discovery deadline was set for August 1, 2008, [Dkt. 82].

In issuing the subject discovery order, the Court was well aware of the discovery deadline, which at the time was just 2 months away. The Order contained a preliminary statement which outlined the broad parameters of relevance and encouraged the parties to employ the expedited telephone procedure contained in the Local Rules. [Dkt. 133, pp. 2-4p. In footnote 1 the Order further encouraged the parties to engage in discussion and compromise directed at reducing the volume and cost of *unnecessarily* duplicative production. *Id* at 3. The Court thus meant to convey its intention that the parties' engage in discussions to focus on what discovery was really needed for the case. The Court also meant to convey its expectation that the Court would continue to be involved in the process of refining the discovery conducted within the broad parameters set out in the Order.

A due date for production was not included in the Order in recognition of the expectation that the discovery process would be ongoing. However, the Court fully expected that, to the extent possible, initial responses would be produced soon after the issuance of the Order. Likewise, as indicated by the inclusion of a reference to the expedited telephone procedure contained in the Local Rules, the Court expected disputes to be promptly brought to its attention for resolution.

### Plaintiffs' Motion

Plaintiffs ask the Court to issue the following sanctions against Defendants for their alleged failure to comply with the Court's May 29, 2008, Discovery Order by:

> (i) ordering that it may be taken as established for purposes of this case, that Defendants knowingly and falsely misrepresented their track record with other investors to Plaintiffs in order to induce Plaintiffs to invest with Defendants; and/or

>    (ii)     ordering that it may be taken as established, for purposes of this case, that Defendants misappropriated a portion of the funds invested Plaintiffs with Defendants [sic], and that Defendants have Prevented Plaintiffs from determining the exact amount of funds misappropriated by failing to produce Defendants' bank records as ordered by the Court; and/or
>
>    (iii)    ordering that Defendants may not offer any evidence in opposition to Plaintiffs' claim that Defendants knowingly and falsely misrepresented their track record with other investors to Plaintiffs in order to induce Plaintiffs to invest with Defendants, or to Plaintiffs' claim that Defendants misappropriated a portion of the funds Plaintiffs invested with Defendants; and/or
>
>    (iv)     striking Defendants' affirmative defenses and counterclaim; and/or
>
>    (v)      rendering a default judgment in favor of Plaintiffs and against Defendants' on Plaintiffs' claims and Defendants' counterclaims; and/or
>
>    (vi)     awarding Plaintiffs their reasonable expenses, including attorneys' fees, caused by Defendants' failure to comply with this Court's Order.

[Dkt. 198, pp. 6-7]. Plaintiffs seek the foregoing sanctions against Defendants in part based on their claim that they have been "severely prejudiced" by Defendants "slow playing" their production and stalling their answers for five months after the entry of the May 29 Order. [Dkt.198, p. 8].

## **Analysis**

The object of a sanction is to rectify any prejudice caused by the conduct and also to deter others from such conduct in the future. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.C.t. 2778, 2781, 49 L.Ed.2d 747 (1976)(the most severe in the spectrum of sanctions provided by statute or rule must be

available in appropriate cases, not merely to penalize the offender but also to serve as a deterrent).

The Tenth Circuit has adopted several factors which are to be considered in determining an appropriate sanction: (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.  *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).  These factors do not constitute a rigid test, but are criteria to be considered in choosing a sanction.  Further, "the chosen sanction must be both 'just' and related 'to the particular claim' which was at issue in the order to provide discovery." *Id.* at 920, *quoting Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982).

### Degree of Actual Prejudice

Plaintiffs allege:

> Defendants' failure during the last five months to comply with the Court's Order has created critical problems for Plaintiffs. First, the date for completion of fact discovery under the amended scheduling order – December 5, 2008– is only six weeks away.  Second, expert reports are due December 9, 2008.  Plaintiffs are simply unable to conduct meaningful depositions, and Plaintiff's experts cannot perform their analyses, without the interrogatory responses and documents the Court ordered Defendants to provide.

[Dkt. 198, p. 6].  Plaintiffs' conclusory statements do not demonstrate the existence of any <u>actual</u> prejudice.

In fact, the passage of five months from the date of the Court's Order to the date of their motion for sanctions operates against Plaintiffs in demonstrating the existence of

4

actual prejudice. The discovery deadline has been extended twice[1] since the entry of the subject Order yet, Plaintiffs have not availed themselves of the help offered in the Order by using the expedited discovery procedure or otherwise advising the Court of problems with Defendants' compliance with the Order. Furthermore, it appears from the attachments appended to Plaintiffs' motion, that Plaintiffs first began questioning Defendants' compliance with the Order in late August 2008 and that serious discussions about Defendants' compliance did not begin until October 2008. [Dkt. 198-2, pp. 26-38].

<u>The Amount of Interference with the Judicial Process</u>

The Court does not approve of what appears to be foot-dragging on Defendants' part. The Court notes that questions arose about the bank records that were ordered produced on August 29, 2008, [Dkt. 198-2, p. 26], and despite Defendants' earlier promises to complete production by the end of September, [Dkt. 198-2, p. 27], the status report filed November 10, 2008, reflects that as of that date Plaintiffs had only just received the bank records. Further, some of Defendants' supplemental answers were still only in draft form as of the date of the status report. [Dkt. 207, p. 2]. In light of the express overruling of Defendants' objection to producing bank records related to the oil and gas program, [Dkt. 133, p. 5], it was disingenuous for Defendants to have produced the bank records for B&R Exploration Company (B&R) which merely showed B&R's receipt of Plaintiffs' funds and subsequent transfer of the money to Palace Exploration Company.

However, the parties' Joint Status Report on Discovery Conference filed November 10, 2008, [Dkt. 207], reflects that, for the most part, the discovery covered by the Court's

---

[1] On June 13, 2008, the discovery deadline was extended to October 16, 2008, [Dkt. 147], on September 25, 2008, the discovery deadline was extended to December 19, 2008.

Order has been or is being produced. Provided that Defendants' production is actually made as represented in the Joint Status Report, the Court finds that, in view of Plaintiffs' failure to bring the compliance problems to the Court's attention in a timely manner, under the circumstances presented, the interference with judicial process is not great.

<u>The Culpability of the Litigant</u>

The Court has no basis on which to judge whether the delay in complying with the discovery order is the result of actions taken by Defendants, or tactical decisions by counsel. However, the culpability inquiry also considers whether the party was intentionally withholding information to gain an advantage in the litigation. Based on the fact that the status report reflects that the information is finally being provided and also based on Plaintiffs' failure to advance any argument concerning actual prejudice, the Court concludes that neither Defendant nor counsel withheld information to gain an advantage in the litigation.

<u>Whether the Court Warned the Party in Advance that Dismissal
Would be Likely Sanction for Non-Compliance</u>

Plaintiffs do not seek dismissal as a sanction. However, the Court has not issued any warnings about the likelihood of sanctions.

<u>The Efficacy of Lesser Sanctions</u>

As previously stated, Plaintiffs seek the following sanctions:

> (i)     ordering that it may be taken as established for purposes of this case, that Defendants knowingly and falsely misrepresented their track record with other investors to Plaintiffs in order to induce Plaintiffs to invest with Defendants; and/or
>
> (ii)    ordering that it may be taken as established, for purposes of this case, that Defendants misappropriated a

      portion of the funds invested Plaintiffs with Defendants [sic], and that Defendants have Prevented Plaintiffs from determining the exact amount of funds misappropriated by failing to produce Defendants' bank records as ordered by the Court; and/or

      (iii)    ordering that Defendants may not offer any evidence in opposition to Plaintiffs' claim that Defendants knowingly and falsely misrepresented their track record with other investors to Plaintiffs in order to induce Plaintiffs to invest with Defendants, or to Plaintiffs' claim that Defendants misappropriated a portion of the funds Plaintiffs invested with Defendants; and/or

      (iv)    striking Defendants' affirmative defenses and counterclaim; and/or

      (v)    rendering a default judgment in favor of Plaintiffs and against Defendants' on Plaintiffs' claims and Defendants' counterclaims; and/or

      (vi)    awarding Plaintiffs their reasonable expenses, including attorneys' fees, caused by Defendants' failure to comply with this Court's Order.

[Dkt. 198, pp. 6-7].

In light of Plaintiffs' failure to demonstrate the existence of actual prejudice, and in view of Plaintiffs' failure to bring the compliance problems to the Court's attention in a timely manner, the Court finds that measures less drastic than the imposition of the severe sanctions Plaintiffs have requested will be effective in securing compliance with the Court's Order. Indeed, the status report reflects that for the most part, the discovery has been, or is being provided. The Court finds that under the circumstances presented, no sanction is necessary to effectuate the Court's Order or to rectify the alleged prejudice to Plaintiffs.

## **CONCLUSION**

Based on the foregoing analysis, Plaintiffs' Motion for Sanctions Due to Defendants' Noncompliance With The Court's May 29, 2008, Discovery Order [Dkt. 198] is DENIED.

SO ORDERED this 2nd day of December, 2008.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE