### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>Defendant. | Case No. 07-CV-400-GFK-FHM |

### **OPINION AND ORDER**

Defendant's Motion to Compel the Production of Documents Being Withheld by RoDa on Grounds of Privilege [Dkt. 195] has been fully briefed and, in compliance with the Court's order of November 24, 2008 [Dkt. 213], documents have been submitted for *in camera* review. Having reviewed the documents and considered the briefs together with the Court's Order of May 29, 2008 [Dkt. 133] which addressed the scope of discovery in this case, Defendant's Motion to Compel is GRANTED in part and DENIED in part, as set forth herein.

The documents submitted consist of a variety of e-mail communications and attachments in which accountant Philip Holthouse is the author or a recipient and most of which also include attorneys. Plaintiffs claim either attorney-client privilege or work product protection from discovery for the documents. Defendants argue that none of the

documents are subject to such protection from discovery because, under federal and New York law, there is no special privilege for communications with accountants. They assert therefore that no privilege attaches to Mr. Holthouse's communications generally, or to his communications with counsel. Defendants also argue that Mr. Holthouse's extensive testimony about his communications with counsel involving "(i) any efforts to negotiate, analyze or document the terms of the investments made by RoDa, (ii) the risks undertaken by RoDa in proceeding with the investments; (iii) any efforts made by RoDa to effect the transfer of title" [Dkt. 208, pp. 2, 6], has operated to waive any privilege that may have attached to those communications.

The Court rejects the assertion that communications involving and including Mr. Holthouse and attorneys working for RoDa cannot be privileged communications. Although there exists no special privilege for communications with accountants, the basis for the claim of privilege for Mr. Holthouse's communications with counsel is not the fact that he is an accountant for RoDa. The basis for the claim of privilege is that Mr. Holthouse was the functional equivalent of a RoDa employee and represented RoDa in his communications with RoDa's attorneys. *See In re Bieter Co.*, 16 F.3d 929, 936-37 (8th Cir. 1994) (communications between a company's lawyer and its independent contractor merit attorney-client protection if the contractor is the functional equivalent of an employee of the company); *In re Copper Market Antitrust Litigation*, 200 F.R.D. 213, 218-19 (S.D. N.Y. 2001); *Sieger v. Zak*, 18 Misc.3d 1143(A), 2008 WL 598344 (N.Y. Supp) (applying *In re Bieter*).

Defendants argue that Mr. Holthouse cannot claim to be the functional equivalent of a RoDa employee because Mr. Holthouse has testified he is an accountant and tax

consultant employed by his own firm. According to Defendants, Mr. Holthouse can only claim to have provided cash management and accounting services to Roland Arnall and Dawn Arnall. In addition, Defendants rely on the absence of an employment or consulting agreement between RoDa and Mr. Holthouse to demonstrate that he was not the functional equivalent of a RoDa employee.

At the preliminary injunction hearing Mr. Holthouse testified extensively about the efforts he undertook on RoDa's behalf in discussing and documenting the terms of the deal made between RoDa and Defendants. He also testified about the efforts he undertook on RoDa's behalf to effect the transfer of title to the investment properties to RoDa, which efforts included obtaining legal advice on RoDa's behalf. To conclude that Mr. Holthouse is not the functional equivalent of a RoDa employee in regard to his communications with counsel would be to elevate form over substance. The communications submitted *in camera* and Mr. Holthouse's testimony reveal that Mr. Holthouse functioned as an employee, representative or agent of RoDa in seeking and receiving legal advice for RoDa such that his communications with counsel are afforded the same attorney-client privilege as if he were a RoDa employee. *Niesig v. Team I,* 76 N.Y.2d 363, 371 (1990) (a corporation's attorney-client privilege includes counsel's communications with low and mid-level employees as well as those within the control group).

Based on the facts of this case, the Court finds that there is no principled reason to deny attorney client protection to communications involving Mr. Holthouse and counsel which *in camera* review reveals were primarily or predominately of a legal character and would therefore be considered privileged attorney-client communications if Mr. Holthouse were technically an employee of RoDa. *Rossi v. Blue Cross & Blue Shield of Greater N.Y.*,

73 N.Y. 2d 588, 594 (1989) (so long as the communication is primarily or predominantly of a legal character, the privilege is not lost by the inclusion of non legal matters). To the extent Defendants' motion "seeks production of any and all communications among, or analysis by, Philip Holthouse and any attorneys for RoDa concerning RoDa's investments," [Dkt. 191, p. 1], Defendants' motion is DENIED.

However, Mr. Holthouse testified extensively at the preliminary injunction hearing and in deposition discussing some of the submitted e-mail communications and the subject matters contained therein. Having heard and evaluated that testimony and having reviewed the particular documents submitted *in camera*, the Court finds that fairness requires a finding that Plaintiffs have waived the attorney client privilege as to the specific documents identified herein. The Court's finding that a waiver occurred is document specific and is made in the context of Mr. Holthouse's testimony. Therefore, the waiver is not to be construed as having any application beyond the particular documents reviewed.

## ANALYSIS OF DOCUMENTS

Two groups of documents were submitted for *in camera* review. The first group (the Exhibit Group) consists of unredacted copies of documents attached to the Affirmation of Sean R. O'Brien, [Dkt. 196-Sealed]. The second group consists of three large binders of documents identified in a 24 page document entitled Plaintiffs' Privilege Log of Phil Holthouse Documents (the Binder Group of Documents). The Court will discuss the two groups of documents separately.

### The Exhibit Group

The Exhibit Group of documents is comprised of Exhibits B, D, E, F, and G which were attached to the Affirmation of Sean R. O'Brien. Those exhibits contain e-mail communications between Mr. Holthouse and various attorneys engaged in performing work on behalf of the Plaintiffs. These documents are attorney-client communications. However, Plaintiffs called Mr. Holthouse to testify at the Preliminary Injunction hearing as a witness on their behalf. At the hearing and in deposition Mr. Holthouse's testified extensively specifically about these particular communications with counsel and about his communications with counsel in general concerning the negotiation and documentation of the deal between RoDa and Defendants. In granting the Preliminary Injunction [Dkt. 168], the Court relied upon Mr. Holthouse's testimony.

Based on Mr. Holthouse's extensive testimony about his communications with counsel during 2004 concerning the negotiation and documentation of the deal between RoDa and Defendants, the attorney-client privilege has been waived as to the documents which address the negotiation and documentation of the deal between RoDa and Defendants. Therefore, the Motion to Compel is GRANTED as to Exhibits B, D, E, and G. The Motion to Compel is GRANTED in part as to Exhibit F.

The Court finds that a portion of the e-mail dated March 26, 2004, 2:29 PM from Philip Holthouse to Wright, Timothy; Novitski, David does not address the negotiation and documentation of the deal between RoDa and Defendants and the attorney-client privilege has not been waived as to that portion of the document. The two lines after the word "memo" and preceding "Thanks" may be redacted as they reflect a communication from Mr. Holthouse to counsel to obtain legal advice on behalf of RoDa.

## **The Binder Group**

There are 272 documents within the Binder Group of documents. For ease of analysis, the Court has found it helpful to categorize the Binder Documents by time periods.[1]

## 2003-2004

With the exceptions noted below, within this time frame the documents that reflect the efforts to engage counsel on RoDa's behalf are subject to the attorney client privilege and need not be produced. The communications within this time frame that reflect the efforts by Mr. Holthouse and various counsel to negotiate and document the terms of the agreement between RoDa and Defendants are generally privileged attorney client communications. However, the privilege as to these communications has been waived by Mr. Holthouse's extensive testimony about those communications. Plaintiffs have not convinced the Court that the waiver should not, in fairness, extend to all communications within this category which address the proposed documentation of the RoDa transactions with Defendants. Therefore, Plaintiff's must produce all communications listed in the privilege log which fall within the 2003 to 2004 time frame, with the following exceptions:

> 1. The e-mails reflect efforts to engage counsel and were not the subject of Mr. Holthouse's testimony and are therefore privileged. However, the attachment must be produced without redactions as the redacted portion of the attachment was the subject of Mr. Holthouse's testimony.

> 2. The e-mails reflect efforts to engage counsel and were not the subject of Mr. Holthouse's testimony and are therefore privileged. However, the attachment must be produced without redactions as the redacted portion of the attachment was the subject of Mr. Holthouse's testimony.

---

[1] The parties have agreed that redactions were appropriately taken in document 77. The redacted information relates to matters not relevant to this case.

117. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

118. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

119. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

121. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

122. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

144. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

146. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

186. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

204. For the most part, this document contains attorney client communications which were not the subject of Mr. Holthouse's testimony. However, the e-mail dated Monday, March 22, 2004, 11:00 AM from Philip Holthouse, to Wright, Timothy must be produced, except that the language in the second paragraph following the dashes may be redacted. The e-mail from Wright, Timothy to Philip Holthouse dated Thursday March 18, 2004, 9:43 AM must be produced.

209. The text of this e-mail is the same as Exhibit "F" in the Exhibit Group discussed above. The same text may be redacted as in Exhibit "F."

210. This document is privileged for the reasons expressed with regard to #204. The same e-mails must be produced as in #204, with the same redactions.

211. This document is privileged for the reasons expressed with regard to #204. The same e-mails must be produced as in #204, with the same redactions.

212. This document is privileged for the reasons expressed with regard to #204. The same e-mails must be produced as in #204, with the same redactions.

231. This document relates to payment for legal services and is not relevant to the matters at issue.

## 2005

The Court finds as follows with regard to the communications occurring in 2005:

14. The redaction was appropriately made as an attorney client communication, not subject to waiver by the testimony of Mr. Holthouse.

238. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

239. This document is privileged as attorney client communication which was not the subject of Mr. Holthouse's testimony.

## 2006

The basis for the claim of privilege for the communications occurring in 2006 relates to legal services performed for RoDa generally and in conjunction with the audit of RoDa's tax returns by the Internal Revenue Service and the State of California. In addition, in December 2006, RoDa was named a defendant in litigation instituted by Zenergy, an operator of a number of the RoDa properties. Unlike the 2003-2004 communications, these communications were not the subject of the extensive testimony of Mr. Holthouse. Therefore, the documents dated in 2006 qualify as attorney client communications and attorney work product, or materials prepared in anticipation of litigation and need not be produced with the following exceptions which must be produced.

> 11. This document does not contain attorney client communication.
>
> 123. This document relates to the attempt to secure assignments of properties to RoDa which was the subject of Mr. Holthouse's testimony.

## 2007

During 2007, in addition to continuing to deal with the audits of RoDa's tax returns, RoDa was preparing to file the instant lawsuit which was filed July 19, 2007. The Court finds that with the exception listed, all of the communications occurring in 2007 qualify as attorney client communications, attorney work product, or materials prepared in anticipation of litigation. These communications were not the subject of Mr. Holthouse's testimony. Therefore only the listed document dated in 2007 must be produced.

> 118. The redacted portion must be produced as it was the subject of testimony at the Preliminary Injunction hearing.

## CONCLUSION

Defendant's Motion to Compel the Production of Documents Being Withheld by RoDa on Grounds of Privilege [Dkt. 195] is GRANTED in part and DENIED in part as provided herein.[2] The parties are to bear their own costs.

SO ORDERED this 22nd day of January, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[2] Due to the number of documents reviewed *in camera* and due also to the fact that much of the information contained in the documents is repeated numerous times, the Court may have inadvertently ordered the same information produced in one document, but considered it privileged in another. If any such inconsistencies are discovered in the course of producing the documents ordered herein, they should be brought to the Court's attention by means of filing a short notification of the inconsistency. The Court will review the matter without the need for any further briefing and will issue a supplemental order to address the matter.