UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA, LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>PLAINTIFFS,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual; PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>DEFENDANTS. | CASE NO. 07-CV-400-GKF-FHM |

**OPINION AND ORDER**

Plaintiffs' Motion for (1) Scheduling Conference To Set Deadlines for Compliance with Preliminary Injunction Pending Appeal and (2) Order Requiring Return of Funds Withheld by Defendants [Dkt. 212] is before the Court for decision. The Court previously addressed Plaintiffs' request for a scheduling conference. This Order addresses Plaintiffs' request for an order requiring Defendants to return funds.

During the appeal of the Preliminary Injunction, Defendants obtained a Stay of the Preliminary Injunction from the Tenth Circuit Court of Appeals. The terms of the stay were fully litigated before the Tenth Circuit and that Court specifically held that Defendants could withhold up to four million dollars per month for the alleged note obligations. Defendants withheld four million dollars for one month before the stay was

dissolved by the Tenth Circuit. Plaintiffs now seek an order from this Court requiring Defendants to return the withheld four million dollars to Plaintiffs.

Plaintiffs argue that such an order would place them in the position they would have been in if this Court's Preliminary Injunction had not been stayed and is an appropriate form of restitution. *Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134, 145 (1919). Defendants contend that this issue should be addressed by the Tenth Circuit.

The Tenth Circuit specifically addressed the issue of Defendants withholding four million dollars after the issue was fully litigated. That Court did not address whether Defendants could retain the four million dollars if the stay was dissolved. Since the four million dollars was withheld pursuant to the Tenth Circuit's Order, that Court should address the issue of its pretrial return.

Contrary to Plaintiffs' argument that Defendants will be unjustly enriched if this Court does not order the return of the funds, Plaintiffs may recover the funds as part of Plaintiffs' damages if Plaintiffs prevail on the merits of Plaintiffs' claims.

Plaintiff's Motion for Order Requiring Return of Funds Withheld by Defendants [Dkt. 212] is DENIED.

SO ORDERED this 4th day of March, 2009.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE