**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>                      Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>                      Defendant. | Case No. 07-CV-400-GFK-FHM |

**OPINION AND ORDER**

Defendants' Motion to Compel Compliance with Subpoena, as Modified by March 20, 2009 Letter Agreement between Defendants and Zenergy, Inc. [Dkt. 346] is before the undersigned United States Magistrate Judge for decision. The matter has been fully briefed and several hearings on the matter have been held.

The instant dispute revolves around Zenergy's compliance with the terms of a Letter Agreement dated March 20, 2009, which Zenergy and Palace entered into to resolve discovery disputes related to subpoenas Defendants served on Zenergy. [Dkt. 346-8, pp. 2-8]. The Letter Agreement included a search protocol Zenergy was to apply to its e-mail system to enable Zenergy to produce e-mails responsive to the subpoena. Palace asserted that Zenergy produced fewer e-mails than Palace expected to be produced and argued, therefore, that Zenergy failed to comply with the Letter Agreement. Additionally,

Palace argued that Zenergy acted in bad faith by withholding certain documents, and deleting documents. [Dkt. 423, p. 10].

This Opinion and Order is intended to provide a clear record of the court's rulings on each of Palace's requests for relief and a very brief explanation for the court's rulings. Palace's requests for relief , [Dkt. 423, pp. 10-11], are reproduced below, followed by the court's ruling on each request.

> 1. An order compelling Zenergy to follow the agreed-upon E-mail Protocol set forth in the Letter Agreement of March 20, 2009 and to produce in full all non-privileged results of the e-mail search procedure set forth therein, including, but not limited to, agreements under which RoDa agrees to pay a certain sum to Zenergy per month;

This request is DENIED. Zenergy has represented to the Court that it complied with the e-mail protocol. The information Palace has produced does not persuade the Court that Zenergy has failed to comply with the e-mail protocol.

> 2. An order compelling Zenergy to certify the accuracy of its search pursuant to the E-mail Protocol;

This request is DENIED. Zenergy has made affirmative representations to the court in written submissions and in open court that it has complied with the e-mail protocol in good faith. These representations are sufficient.

> 3. An order compelling Zenergy to produce documents as contemplated under the Letter Agreement;

This request is DENIED. Zenergy has complied with the e-mail protocol in good faith and has produced the documents called for by the Letter Agreement.

    4. An order compelling Zenergy to produce documents as originally contemplated by the first subpoena issued to Zenergy, including, but not limited to, electronic documents relating to oil reserve estimates;

This request is DENIED. Zenergy has complied with the terms of the Letter Agreement which resolved the discovery disputes between the parties in their entirety. [Dkt. 346-8, p. 2].

    5. An order compelling Zenergy to explain in a clear and comprehensive manner the reasons for, and the manner by which, e-mails were deleted, including the time periods in which the deletions occurred;

This request is DENIED. The evidence submitted does not demonstrate that responsive e-mails were deleted.

    6. An order compelling Zenergy to explain when and to what extent Zenergy imposed a litigation hold.

This request is DENIED. The evidence submitted does not demonstrate that responsive documents were deleted and therefore there is no reason to conduct any inquiry into the question of a litigation hold. Furthermore, there was no such requirement in the Letter Agreement.

    7. An order compelling Zenergy to undertake an analysis regarding why it failed to produce the 2,999 e-mails produced by Palace and explain its findings to Palace and the Court;

This request is DENIED. Zenergy has done a sufficient analysis to satisfy the court that Zenergy complied with the e-mail protocol in good faith.

    8. An order permitting an adverse inference instruction against RoDa and awarding reasonable attorneys' fees and const incurred by Palace and caused by Zenergy's failure to satisfy its obligations or for other sanctions, if Zenergy cannot or will not comply with any or all of the aforementioned orders;

This request is DENIED. Sanctions are not warranted for Zenergy's performance under the Letter Agreement. Furthermore, the dispute was in no way attributable to RoDa.

9. An order allowing counsel for Palace to depose Mr. Harrold;

This request is DENIED. The discovery deadline has passed and Defendants have not demonstrated the necessity of an extension for this purpose.

10.. An order allowing counsel for Palace to depose Mr. Zinke for seven hours per day for two full days.

This request is GRANTED. Mr. Zinke is in a unique position, having operated the wells which are the subject of the underlying lawsuit for a number of years and by virtue of his extensive dealing with both Palace and RoDa. The court's ruling on this point is entirely the result of Mr. Zinke's unique position and not the result of Zenergy's compliance with the Letter Agreement.

Defendants' Motion to Compel Compliance with Subpoena, as Modified by March 20, 2009 Letter Agreement between Defendants and Zenergy, Inc. [Dkt. 346] is GRANTED in part and DENIED in part as set out herein.

SO ORDERED this 16th day of July, 2009.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

4