## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RODA DRILLING COMPANY; RODA LLC; ROLAND ARNALL; DAWN ARNALL; and THE ROLAND AND DAWN ARNALL LIVING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD SIEGAL, an individual; BIPPY SIEGAL, an individual, PALACE EXPLORATION COMPANY, a corporation; PALACE OPERATING COMPANY, a corporation; B&R EXPLORATION CO., INC.; BISTATE OIL MANAGEMENT CORPORATION; and OIL AND GAS TITLE HOLDING CORPORATION,<br><br>Defendant. | Case No. 07-CV-400-GFK-FHM |

## **OPINION AND ORDER**

Defendants' Motion to Compel the Production of Documents [Dkt. 418] is before the undersigned United States Magistrate Judge for decision.  Defendants' Motion to Compel is DENIED.

## **Background**

Defendants state that there are three crucial issues that will be raised at trial in relation to Plaintiffs' claim that it was defrauded: (1) whether the facts concerning Richard Siegal's investment track record were peculiarly within Defendants' possession or, instead, were available to anyone who sought to uncover such information; (2) whether Plaintiffs' knowledge of the facts contained in the Kroll Report and other investigative materials that they gathered put them on sufficient notice of Mr. Siegal's track record so as to defeat the justifiable reliance element of the fraud claim; and (3) whether Plaintiffs' fraud claim is a

pretext for their refusal to make good on the promissory notes that they agreed to take on over the years. [Dkt. 418, p. 2].

Defendants claim that Plaintiffs are withholding three documents bearing on these issues under a claim of privilege: (1) the results of an investigation undertaken in 2006 concerning Richard Siegal's track record; (2) an e-mail communication from attorney Stuart Buchalter to Roland Arnall dated December 9, 2003; and (3) redacted memoranda dated in 2006 and 2007 from attorney/consultant Alan Liker to RoDa concerning financial arrangements between Alan Liker and RoDa. Defendants seek an order requiring Plaintiffs to produce these documents asserting they are "relevant to the defense of this action because they may well demonstrate that the fraud claim asserted by the Plaintiffs has no basis in fact and was merely a pretext by which RoDa could avoid making payments on the Note obligations, and they are plainly not privileged." [Dkt. 418, p. 10].

## Discussion

### 2007 Lenzner Reports

Plaintiffs state the withheld documents include several memoranda and e-mail communications generated in 2007 by Terry Lenzner whom attorney Alan Liker engaged to assist regarding potential fraud claims against Defendants.

The Lenzner Reports are protected from discovery as attorney work product. Fed.R.Civ.P. 26(b)(3)(A). Defendants, however, contend that they have established substantial need for the factual information in the reports under Fed.R.Civ.P. 26(b)(3)(A)(ii).

The Court finds that Defendants have not established substantial need for this information. What Plaintiffs discovered about Defendants' track record in 2007 is not relevant to the Defendants' case. Moreover, even if there were some marginal relevance Defendants have independent access to all of the facts concerning Defendants' own track record. Defendants, therefore, have no need to obtain the information from Plaintiffs.

Defendants' waiver argument is also without merit. Plaintiffs have not disclosed the content of the Lenzner Reports. Plaintiffs have only provided general statements about the results of the reports. Additionally, Plaintiffs have not offered the Lenzner Reports as evidence in the case. Thus, Plaintiffs are not attempting to selectively use the Lenzner Reports in an unfair manner. The Court would be inclined to order production of the reports if Plaintiffs did use them in support of Plaintiffs' case.

### Buchalter E-mail Re: Kroll Report

Defendants seek production of an e-mail between Roland Arnall and his personal attorney, Stuart Buchalter which addresses the Kroll report. This communication is clearly covered by the attorney-client privilege. Defendants contend that "fairness dictates" that the privilege has been waived because Plaintiffs have argued that the Kroll Report did not raise concerns about Defendants' track record and Defendants suspect the attorney-client communication between Buchalter and Arnall will indicate otherwise. Defendants contend that Plaintiffs may not use the privilege in a selective manner to prejudice Defendants' case.

The Plaintiffs, however, are not using the Buchalter e-mail in any manner. Both sides have the Kroll Report and are free to make appropriate use of it in the case. What the parties' attorneys communicated to their clients about the Kroll Report is privileged.

3

**Alan Liker Fee Memoranda**

Alan Liker is an attorney who in late 2006 and early 2007 sent a series of memoranda to Plaintiffs in which he outlined the work he would perform for Plaintiffs and financial arrangements for his compensation.  The documents have been produced, but redacted to exclude information that Plaintiffs assert relates to the subject matter of Mr. Liker's retention as counsel.  Defendants argue that the memoranda were not created for the purpose of giving legal advice, but for the purpose of setting out the fee arrangement and that agreements concerning fee arrangements are not privileged.  Further, they argue any privilege was waived by Mr. Liker's testimony regarding negotiation of the fee arrangement, his conversations with Mr. Arnall about the "deliverables" referred to in the memoranda, that Mr. Siegal provided him with much of the information contained in the document, and that much of the information came from speaking with people working for RoDa and with the IRS.  Defendants state they recognize that portions of the document may be privileged and are therefore properly redacted, but that Plaintiffs should not be permitted to leave in information that is beneficial to their case while redacting out potentially harmful information.  They argue that some of the information left in the memoranda could arguably be deemed privileged but seems to have been left in because the information is beneficial to Plaintiffs.  Defendants assert that information may have been redacted which may demonstrate that there was no basis for Plaintiffs' claim of fraud and request the court to conduct an *in camera* review of the memoranda to prevent Plaintiffs from gaining an unfair advantage.

Plaintiffs assert that they redacted only those portions of the memoranda that relate to the subject matter of Mr. Liker's legal work.  They state that Mr. Liker's testimony did not

4

address the substance of the work he performed in his capacity as counsel and argue that no waiver has occurred to the entirety of the memoranda.

Defendants have not raised any reason to question Plaintiffs' assertion that Plaintiffs have only redacted those portions of the memoranda that relate to the subject matter of Mr. Liker's retention as counsel. Nor have Defendants explained how it is unfair for Plaintiffs to keep these attorney-client communications confidential.

Defendants' Motion to Compel [Dkt. 418] is DENIED.

SO ORDERED this 14th day of August, 2009.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE